BOWDELL v. FARMERS' & MERCHANTS' NAT. BANK. See Case No. 1,714.

## Case No. 1,714.

BOWDEN v. FARMERS' & MERCHANTS' BANK OF BALTIMORE.

[1 Hughes, 307;[1] 2 Browne, Nat. Bank Cas. 146; 14 Bankers' Mag. 387; 25 Int. Rev. Rec. 405; 1 Wkly. Jur. 639.]

Circuit Court, D. Maryland. April Term, 1877.

BANKS AND BANKING—NATIONAL BANKS—LIABILITY OF TRANSFEREE OF STOCK.

Under the provisions of the national banking act, the transferee of shares of the capital stock of a national bank, under a transfer made absolute in due form on the books of the bank, is liable to creditors of the bank as a stockholder, notwithstanding the transfer was in fact made as collateral security for the payment of a debt, which has since been paid, the share still standing on the books of the bank in the name of the transferee at the time of the suspension of the bank.

[See National Bank v. Case, 99 U. S. 628; also, Moore v. Jones, Case No. 9,769.]

At law. This was an action of trespass on the case in assumpsit, the facts being as follows: The First National Bank of Norfolk, duly organized under the provisions of the national banking act, having suspended on the 26th day of May, 1874, the plaintiff [George E. Bowden], on the 3d day of June in that year, was duly appointed by the comptroller of the currency, a receiver to take charge of and to wind up the affairs of the bank. In the month of August, 1875, the plaintiff was directed by the comptroller to enforce the whole of the personal liability of those owning the stock of the bank at the date of its suspension. In the month of February, 1872, one Burwell, who was the owner of twenty shares of the capital stock of the bank, transferred the same absolutely

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

and in due form on the books of the bank, to the defendant bank as collateral security for the payment of a debt due by Burwell, to the latter bank. In the month of August, 1872, the debt due by Burwell being discharged, the defendant bank returned to him the shares assigned, with power of attorney to retransfer the shares on the books of the Norfolk bank. The retransfer, however, was not made, and the shares continued to stand in the name of the defendant bank until the suspension of the Norfolk bank, in May, 1874. In pursuance of the instructions of the comptroller demand was made by the plaintiff on the defendant for payment of the par value of the said twenty shares of stock, which was refused; and thereupon this suit was brought to recover of the defendant the par value of said shares. [Judgment for plaintiff.]

In this case a jury trial was waived, and it was tried before the court, in pursuance of the provisions of section 649 of the Revised Statutes of the United States.

L. L. Lewis, A. Sterling, Jr., and George H. Chandler, for plaintiff, relied on Rosevelt v. Brown, 1 Kern. [11 N. Y.] 148; Hale v. Walker, 31 Iowa, 344.

Charles Marshall, for defendant.

GILES, District Judge. The facts as proved before the court were as follows: The First National Bank of Norfolk was a bank duly organized under the national bank act of 1863 and 1864; that by the stock ledger of said bank a certain Burwell held twenty shares of the capital stock of the said bank, of the par value of $100 each; that he subsequently borrowed money of the defendant to this suit, and to secure the payment of the same, transferred to the defendant his twenty shares of the capital stock of the said First National Bank of Norfolk, which transfer was made on the books of said bank by a surrender of his certificate, and a new certificate issued to the said defendant; that said defendant, when said loan was paid, returned said certificate of stock to said Burwell, with a power of attorney indorsed on the back of the same, authorizing him to retransfer the said twenty shares to himself, but this was never done; but the said stock continued to stand in the name of this defendant up to the time of the closing of the said First National Bank of Norfolk, without anything on the face of the books of said bank to show that the defendant held the said twenty shares over as security for a loan, and not as the legal owner of the same; that subsequently, to wit, on June 3d, 1874, the comptroller of the currency, in pursuance of the power and authority vested in him by the said act of congress, closed the said bank and appointed the plaintiff receiver of the same; and on the 13th day of August, 1875, the said

comptroller determined that, in order to discharge the legal debts and liabilities of the said bank, "it was necessary to enforce the individual liability of the stockholders, as provided for by the 12th section of the act of congress of 3d June, 1864" [13 Stat. 102], and he directed the said plaintiff, as receiver, to institute such legal proceedings as might be necessary to enforce against the stockholders of said bank their liabilities under said act; in pursuance of which direction and authority this suit was brought.

The counsel for the defendant has contended that it is not responsible, upon the grounds, first, because it held the said twenty shares of the capital stock of the said Norfolk bank only as a security for a loan made to its real owner; and, secondly, because, before the closing of the said bank, the loan had been paid to the defendant, and it had delivered to the borrower the certificate of the said stock with power of attorney on the back thereof to retransfer it to him.

The court does not consider either of these reasons sufficient to prevent a recovery of the amount claimed in this suit. By the 12th section of the act of 1864, it is provided, "that every one becoming a shareholder by such transfer shall in proportion to his shares, succeed to all the rights and liabilities of the prior holder of said shares," and by the said section it is also provided that the shares shall be transferable on the books of the bank. Now, it was the duty of the defendant, having taken an assignment on the books of the said bank of the twenty shares, when its loan was repaid to it, to have seen that these shares were transferred back to the said Burwell on the said books, and having failed to do so before the said bank was closed by the comptroller, the receiver was authorized to regard it as the legal owner of these shares. I therefore give judgment in this case for the sum of two thousand dollars with the costs of this suit.

[NOTE. For decisions in other actions by the same plaintiff to enforce personal liability of the shareholders, see Cases Nos. 1,715 and 1,716.]